UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNERGY DATA LLC ) | |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| v. ) | Case No. 18-cv-1459 |
| ) | |
| BMO HARRIS BANK N.A., ) | Hon. Judge John Z. Lee |
| ) | |
| Defendant/Counterclaim-Plaintiff. ) | |

**JOINT INITIAL STATUS REPORT**

The parties jointly submit the following status report.

**I.    The Nature of the Case**

    **A.    Attorneys of Record**

The attorneys for plaintiff Cynergy Data LLC ("Cynergy") are Thomas E.L. Dewey, David Pegno, and L. Lars Hulsebus of Dewey Pegno & Kramarsky LLP, 777 Third Avenue, 34th Floor, New York, New York 10017; and Todd H. Flaming of KrausFlaming LLC, 20 South Clark Street, Suite 2620, Chicago IL 60603. Lead trial counsel will be Thomas E.L. Dewey and David S. Pegno.

The attorneys for defendant BMO Harris Bank N.A. ("BMO Harris") are Andrew W. Vail, Benjamin J. Bradford, and Amit B. Patel of Jenner & Block LLP, 353 North Clark Street, Chicago, Illinois 60654. Lead trial counsel will be Andrew W. Vail.

    **B.    Basis for Federal Jurisdiction**

This Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a limited liability company organized under the laws of the State of Delaware with its headquarters

in Alpharetta, Georgia. Plaintiff provides myriad credit card payment processing services to small and mid-sized merchants throughout the United States. In 2014, Cynergy was acquired by another payment processor, Priority Payment Systems LLC ("PPS").

PPS is a limited liability company organized under the laws of the State of Georgia with its headquarters in Alpharetta, Georgia. Plaintiff's members, as well as the members of its members to its ultimate ownership are either (i) business entities formed under the laws of either New York or Georgia each with their principal place of business in Georgia; or (ii) natural persons who are citizens of states other than Illinois.

BMO Harris is a national banking association with headquarters in Chicago, Illinois. For the purposes of this action only, BMO Harris does not challenge that federal jurisdiction exists here.

### C. Nature of the Claims and Counterclaims

Cynergy entered into an agreement with BMO Harris dated November 1, 2008, under which BMO Harris agreed to act as the sponsor for Cynergy's payment processing services (together with its amendments, the "Agreement"). Cynergy brings this action for breach of contract alleging that BMO Harris overcharged Cynergy and failed to provide information requested pursuant to the parties' Agreement. It also claims unjust enrichment, in the alternative to the overcharge claim.

The counterclaim alleges that Cynergy breached the confidentiality provisions of the Agreement by publicly filing with this Court the proprietary fee schedule to that Agreement, including without any advance notice to BMO Harris, causing BMO Harris damages.

### D. Legal and Factual Issues of the Case

#### 1. Cynergy's Statement:

Under the Agreement, BMO Harris agreed to provide funding to Cynergy for Cynergy to front "interchange fees" for merchants. An interchange fee is a fee charged by banks that covers the cost of handling and credit risk inherent in a bank processing credit or debit card transactions.

As a service to merchants, Cynergy advanced those daily fees on behalf of the merchants and billed the merchants monthly. To the extent that funds in its settlement account at BMO Harris were insufficient to front these fees, BMO Harris agreed to advance the shortfall, and charged Cynergy interest, referred to as "interchange funding fees". In early 2015, Cynergy alleges that it determined that BMO Harris had been charging substantial interchange funding fees even though there was no shortfall. Cynergy asked that BMO Harris provide information regarding the fees it had charged, including amounts in Cynergy's settlement account. The Agreement provides that Cynergy is entitled to "any additional data related to this Agreement." Cynergy claims that, notwithstanding (and in breach of) that provision, BMO Harris refused. Cynergy therefore brings this action to recover the overcharges it has paid.

#### 2. BMO Harris's Statement:

BMO Harris asserts that it did not overcharge Cynergy for the interchange funding fees because Cynergy did not have sufficient funds available to cover its interchange fee obligations. Cynergy's claim that it had sufficient funds is based on the availability of so-called "Merchant funds," which is the money that Cynergy owed to its merchants (e.g. stores) for purchases made. The Agreement, however, expressly prohibits Cynergy from accessing Merchant funds and, thus, BMO Harris asserts Cynergy could not have used those funds to pay the interchange fees. Further, BMO Harris asserts the Agreement does not contain any provisions limiting BMO

Harris's funding based on the availability of Merchant funds and, instead, left interchange fee funding in BMO Harris's "sole discretion."

BMO Harris asserts Cynergy's claim for additional data is undermined by the monthly and daily invoices provided by BMO Harris, which detailed the interest charges. Further, because BMO Harris properly calculated the interest due under the Agreement, it asserts that Cynergy suffered no harm from its purported lack of information.

Finally, BMO Harris asserts that Cynergy breached the Agreement itself by publicly disclosing certain fees schedules to the Agreement, which were previously confidential.

### E. Relief Sought

Cynergy seeks the amount it alleges that it has been overcharged, which it alleges it has calculated as $3,347,451.51. It also seeks the information regarding those fees, to which it alleges it is entitled under the Agreement.

BMO Harris seeks damages to compensate it for any and all harm caused by Cynergy's breach of the Agreement's confidentiality provisions.

## II. Pending Motions and Case Plan

### A. Initial Status Hearing

The initial status hearing is set for May 15, 2018 at 9:00 a.m.

### B. Pending Motions

On May 7, 2018, BMO Harris filed an answer, affirmative defenses and counterclaim, as well as a motion to dismiss under Rule 12(b)(6) and a supporting memorandum. The Court entered a briefing schedule on BMO Harris's motion to dismiss. Cynergy's response is due May 31, 2018, and BMO Harris's reply is due June 14, 2018.

**C.     MIDP**

The parties' counsel met and conferred regarding the requirements of the Mandatory Initial Discovery Pilot Project ("MIDP") on May 8, 2018, the day after BMO Harris timely filed its responsive pleadings. The parties' counsel had preliminary discussions regarding the scope of discovery, custodians and case schedule, including discovery deadlines. They agreed to meet and confer further, as well as to discuss any proposed limitations on the parties' responses to their mandatory initial discovery responses, on May 14, 2018.

Initial answers to the MIDP initial discovery requests are due on June 6, 2018

**D.     Discovery Plan**

   **1)     The general type of discovery needed**. The parties anticipate that they will need written and oral discovery.

   **2)     Date to Issue Written Discovery.** The parties may issue initial written discovery on or after July 11, 2018, which is about 30 days after the deadlines for MIDP initial discovery responses.

   **3)     Deadline to Amend Pleadings.** The parties agree that any amendments to their respective pleadings must be made by August 1, 2018.

   **4)     Fact Discovery Cutoff**. The parties agree that all written fact discovery must be issued on or before August 30, 2018 and responded to consistent with the Federal Rules of Civil Procedure; that all fact discovery must be completed by November 30, 2018.

      **5)**     **Expert Discovery Cutoff and Report Due Dates**. The parties must serve opening expert reports for their affirmative matters of proof by December 21, 2018, and any rebuttal expert reports must be served by January 18, 2019, and the parties must complete all expert discovery by February 28, 2019.

      **6)**     **Dispositive Motion Deadline.** As stated above, BMO Harris has filed a Rule 12(b)(6) motion to dismiss Cynergy's complaint. Any dispositive motions filed pursuant to Rule 56 must be filed on or before March 30, 2019.

**E.**     **Jury Request**

      **1)**     **Jury Demand.** Cynergy has demanded a trial by jury on its claims.

      **2)**     **Probable Length of a Trial.** The parties estimate the probable length of trial to be 3-4 days.

**III.**     **Consent to Proceed Before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge.

**IV.**     **Status of Settlement Discussions**

The parties had preliminary discussions concerning settlement, but they do not believe further discussions will be productive at this time. The parties do not request a settlement conference at this time.

Dated:  May 9, 2018

Respectfully Submitted,

/s/ *Todd H. Flaming*                                 /s/ *Andrew W. Vail*

Todd H. Flaming (todd@krausflaming.com)     Andrew W. Vail (avail@jenner.com)
**KrausFlaming LLC**                             Benjamin J. Bradford (bbradford@jenner.com)
20 South Clark Street, Suite 2620             **Jenner & Block LLP**
Chicago, Illinois 60603                        353 N. Clark Street
Phone: (312) 447-7217                         Chicago, Illinois 60654
                                                                      Phone: (312) 840-7224

Thomas E. L. Dewey (tdewey@dpklaw.com)
David S. Pegno (dpegno@dpklaw.com)
L. Lars Hulsebus (lhulsebus@dkplaw.com)
**Dewey Pegno and Kramarsky LLP**
777 Third Avenue
New York, New York 10017
Phone: (212) 943-9000

*Attorneys for Plaintiff*                                  *Attorneys for Defendant*